UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CATHERINE DECKER,<br><br>Plaintiff(s),<br><br>v.<br><br>TARGET CORPORATION, et al.,<br><br>Defendant(s). | Case No. 2:22-CV-690 JCM (BNW)<br><br>ORDER |

Presently before the court is plaintiff Catherine Decker ("Decker")'s motion to remand. (ECF No. 9). Defendants Target Corporation ("Target"), Elisabeth Grimshaw ("Grimshaw"), and Vincson Green ("Green") (collectively, the "Target parties"), filed a response (ECF No. 11), to which Decker replied. (ECF No. 12).

**I.      Background**

The instant action arises from Decker allegedly tripping in the parking lot of one of Target's retail stores on February 18, 2020 (the "accident"). (ECF No. 11 at 3). While in the parking lot, Decker asserts she tripped over a piece of metal that was part of a shopping cart corral and sustained various injuries. (*Id.*). Grimshaw, a Target employee, completed the incident report for the accident. (*Id.* at 2).

Decker filed suit in Nevada state court on February 8, 2022, against Target; Grimshaw; Green; and Nellis Crossing Management, LLC, a Nevada limited liability company ("Nellis") (collectively, "defendants"). (ECF No. 1-2). Nellis is the management company for the property where the accident occurred. (*Id.*). The complaint states that Green is a Target employee;

**James C. Mahan**
**U.S. District Judge**

however, Target claims Green has not worked at the subject Target store nor lived in Nevada for 20 years.  (ECF Nos. 1-2, 11 at 7).  It is undisputed that Target is a citizen of Minnesota and that Nellis and Grimshaw are citizens of Nevada.  (*Id.*).  The complaint alleges defendants are the appropriate parties responsible for maintaining and ensuring the safety of the parking lot and negligently failed to do so.  (*Id.*).

On April 27, 2022, the Target parties removed this matter to federal court based on diversity jurisdiction.  (ECF No. 1).  Decker now moves to remand this action on the ground that the parties are not completely diverse as required by 28 U.S.C. § 1441(b)(2).  *See* (ECF No. 9).

## II.  Legal Standard

Federal courts may exercise diversity jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a).

A plaintiff may challenge removal by timely filing a motion to remand.  28 U.S.C. § 1447(c).  On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)).  Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court.  *Id.*

But even if the diversity jurisdiction requirements are met, a diversity case nonetheless cannot be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought."  28 U.S.C. § 1441(b)(2).  This is the forum defendant rule, a waivable procedural rule yet still one of the "more substantive removal defects."  *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

As an initial matter, the parties do not dispute the amount in controversy. Rather, they dispute only whether the parties are completely diverse.

Decker, a Nevada citizen, argues that Nellis, Grimshaw, and Green are citizens of Nevada and therefore the parties are not completely diverse. (ECF Nos. 1-2, 9, 11). The Target parties assert that Nellis, Grimshaw, and Green are fraudulently joined defendants whose citizenship should be ignored for purposes of determining diversity jurisdiction.[1] (ECF No. 11).

An exception to the requirement of complete diversity is where one defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

"Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The Ninth Circuit has "made it clear that the party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against fraudulent joinder.'" *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter*, 582 F.3d at 1046).

If a Nevada state court could find that the complaint states a claim for relief against the allegedly fraudulently joined defendant, the federal court must remand the case. *Hunter*, 582 F.3d at 1044–46; *see Weeping Hollow*, 831 F.3d at 1113 (explaining that the focus of a

---

[1] The Target parties contend Green is instead a citizen of Washington, but because the court finds defendants are not fraudulently joined, it is immaterial at this point to address the dispute over Green's citizenship.

**James C. Mahan**
**U.S. District Judge**

- 3 -

fraudulent joinder analysis is whether the plaintiff can state a colorable claim for relief under the applicable law). Thus, the question becomes whether the Target parties have met the heavy burden of establishing that there is no possibility a state court could find that Decker has alleged potentially viable causes of action against Nellis, Grimshaw, and/or Green.

Decker's claims against Nellis, Grimshaw, and Green are the same as those asserted against Target: (1) negligence; (2) respondeat superior; and (3) negligent hiring, training, and supervision. (ECF No. 1-2). In Nevada, the elements for a negligence claim are: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009). The Target parties argue that Nellis, Grimshaw, and Green are fraudulently joined because Decker fails to state specific allegations or an independent cause of action against them. (ECF No. 11). The court disagrees.

Decker's complaint alleges that "each" defendant was negligent in creating the conditions in which she was injured. (ECF No. 1-2). Nellis, Grimshaw, and Green—as Target's alleged employees and agents and in the context of negligence claims—could plausibly be liable for his or her own acts, regardless of whether the principle is also liable. *See Schmidt v. CVS Pharmacy, Inc.*, 2020 WL 5203590, at *2 (D. Nev. Sept. 1, 2020) (quoting *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 765 (7th Cir. 2009)) ("[W]hether the employer is held vicariously liable for the agent's conduct…does not affect the agent's independent tort liability."); Restatement (Third) of Agency § 7.02, at 138 (2006) (providing that an agent is subject to tort liability to a third party harmed by the agent's conduct when said conduct breaches a duty that the agent owes to the third party).

James C. Mahan
U.S. District Judge

- 4 -

Decker alleges that each defendant maintained, operated, monitored, and controlled the Target property, and thus owed a duty to her to exercise reasonable care in their conduct to maintain the parking lot and shopping cart return in a safe manner. (*Id.*). Specifically, Decker alleges each defendant negligently failed to inspect, maintain, repair, and otherwise correct the tripping hazard, or warn her. (*Id.*). Because Nevada is a notice-pleading jurisdiction, courts liberally construe pleadings for sufficient facts that put the defending party on adequate notice of the nature of the claim and relief sought. *Harris v. State*, 138 Nev. Adv. Op. 40, 510 P.3d 802, 807 (2022). Under the four corners of Decker's complaint, it is possible that Nellis, Grimshaw, and Green were themselves negligent, which would incur personal liability for their conduct. *See* Schmidt, 2020 WL 5203590, at *3 (finding that a plaintiff raised a colorable negligence claim where the plaintiff alleged that a store manager managed and controlled a CVS property thus owing a duty to invitees to maintain the premises).

The Target parties have failed to meet the heavy burden of establishing that Decker fraudulently joined Nellis, Grimshaw, and Green. As such, the court finds that Nellis, Grimshaw, and Green were properly joined in this action.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Decker's motion to remand (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, and CLOSE this case.

DATED November 21, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -